# IN RE SCHWEINFURTER PRACISIONS-KUGEL-LAGER-WERKE FICHTEL & SACHS.

## TRADEMARKS; DESCRIPTIVE MARKS.

1. A trademark must be considered in its entirety, as described in the application for its registration (following *Johnson* v. *Brandau,* 32 App. D. C. 348), and the fact that certain letters used in it may constitute a valid technical trademark in themselves has no bearing upon the question whether the application will be granted or denied.

2. Where the most prominent feature in a mark, for registration of which as a trademark application is made, is a figure representing a ball bearing, and which as accurately describes the articles to which the mark is applied as would the printed words "ball bearing," the mark is descriptive, and is not registrable.

No. 740. Patent Appeals. Submitted January 9, 1912. Decided February 5, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents denying an application for the registration of a trademark.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. Julian C. Dowell* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This is an appeal from the decision of the Commissioner of Patents denying registration of a trademark. The mark consists of a figure representing an annular "ball bearing," intertwined in which are the letters "F & S" in large ornamental type. It is applied to a class of goods particularly described as:

"Ball bearings, race rings for ball bearings, ball retainers, ball spacers and separators, appliances for fixing ball bearings upon shafts or journals, roller bearings, balls and rollers for bearings, cup and cone bearings, journal bearings, thrust bearings, journal bearings, bearing casings, axles, hub boxes and casings, inner boxes and casings for shaft bearings, lubricators, shaftings, couplings, pillow blocks, bearing brackets, shaft hangers and frames, toothed wheels, sprocket wheels and sprocket chains, power transmitting and transforming gears, multiple speed gears, change gears, differential gears, pulleys, pulley blocks, cranes, windlasses, steam and gas engines and motors, hydraulic motors, turbines, pumps, blowers, grinding machines, drilling machines, planers, and lathes, and repair parts of the foregoing."

Registration was refused, first, because the representation of the ball bearing is descriptive; and, second, because it so nearly resembles a representation of a ball bearing previously registered by one Kempster, as to be likely to produce confusion in trade.

The trademark must be considered in its entirety as applied for. *Johnson* v. *Brandau,* 32 App. D. C. 348–353. Hence we need not follow the argument that the "F & S" is a valid technical trademark of itself.

We agree with the Commissioner that the mark applied for is descriptive, within the meaning of the trademark act. Its most prominent feature is the figure representing a ball bearing, and as accurately describes the articles to which it is applied as would the printed words "ball bearing."

It is not necessary to consider the second ground of rejection.

The decision will be affirmed. It is so ordered, and that this decision be certified to the Commissioner of Patents.

*Affirmed.*